c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICIA DEAL, Plaintiff | CIVIL ACTION NO. 1:19-CV-00904 |
| VERSUS | JUDGE DRELL |
| OUTBACK STEAKHOUSE OF FLORIDA, L.L.C, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 10) and Motion for Attorney's Fees and Costs (ECF No. 10) filed by Plaintiff Patricia Deal ("Deal"). Defendant Bloomin' Brands, Inc. ("Bloomin' Brands") opposes. ECF No. 18.

Mouton was improperly joined. Because Mouton's Louisiana citizenship should be disregarded, there is complete diversity among the parties. Bloomin' Brands establishes that the amount in controversy at the time of removal exceeds $75,000, and Deal fails to contravene that showing to a legal certainty. Additionally, removal was timely. Thus, Deal's Motion to Remand (ECF No. 10) and Motion for Attorney's Fees and Costs (ECF No. 10) should be DENIED.

I. **Background**

Deal filed a Petition for Damages (the "Complaint") in the Ninth Judicial District Court, Rapides Parish, Louisiana. ECF No. 1-1. Deal named Defendants Outback Steakhouse of Florida, L.L.C. ("Outback"), Gallagher Bassett[1] ("Gallagher"),

---

[1] Gallagher was voluntarily dismissed without prejudice. ECF Nos. 17, 20.

Bloomin' Brands, Jean Mouton ("Mouton"), and ABC Employee[2] (collectively, "Defendants"). ECF No. 1-1 at 1.

Deal alleges she slipped and fell on a wet and slippery floor while exiting her seating area at Outback in Alexandria, Louisiana. ECF No. 1-1 at 2. Deal claims Mouton, the store manager at Outback, and ABC employee were in the course and scope of employment with Outback when they failed to keep the floor dry and safe. ECF No. 1-1 at 2. Deal asserts Outback is vicariously liable for Mouton's and ABC employee's actions and/or inactions. *Id.* Deal further claims the incident was the result of the fault, negligence, and strict liability of Outback, Mouton, and ABC employee. *Id.* Deal claims Gallagher issued a policy of liability insurance and medical payments insurance to Outback providing coverage for the alleged damages. ECF No. 1-1 at 3.

Deal alleges injury to her right shoulder, right knee, right hip, and lower back, as well as pain and bruising to the entire right side of her body. ECF No. 1-1 at 2. Deal also alleges her shoulder injury requires surgery. *Id.* Deal claims past and future physical pain and suffering; past and future mental pain, suffering, anguish, and emotional distress; physical disability; permanent disability and disfigurement; past, present, and future medical expenses; loss of enjoyment of life; and loss of use. ECF No. 1-1 at 3.

---

[2] ABC Employee was dismissed under Local Rule 41.3 for failure to prosecute. ECF Nos. 35, 36.

On July 15, 2019, Bloomin' Brands removed, asserting diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 3. Bloomin' Brands asserts Mouton, a Louisiana citizen, is improperly joined because Deal cannot establish a cause of action against Mouton. *Id.* at 4. Bloomin' Brands alleges ABC Employee is a fictitious entity whose citizenship should be disregarded. *Id.* at 3-4. Bloomin' Brands also alleges that it is "facially apparent" from Deal's Complaint (ECF No. 1-1) that the amount in controversy exceeds $75,000. ECF No. 1 at 5.

Deal now seeks remand (ECF No. 10) on three grounds: (1) Outback has a principal business establishment in Louisiana; (2) Deal is not seeking damages in excess of $75,000; and (3) Defendants did not timely remove. ECF No. 10-1 at 1. Deal also seeks attorney's fees and costs. ECF No. 10-1 at 9. Bloomin' Brands opposes. ECF No. 18.

II. <u>Law and Analysis</u>

    A. <u>Standards governing the Motion to Remand.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is

required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397.

### B. Removal was timely.

Deal alleges removal was untimely. ECF No. 10-1 at 8-9. Specifically, Deal claims "Mouton was served on June 4, 2019 and the remaining defendants were served on June 6, 2019." ECF No. 10-1 at 9. Deal argues that "the failure of the first-served defendant to file a removal notice within thirty (30) days of service prevents all subsequently served defendants from later removing the action." ECF No. 10-1 at 8-9.

In response, Bloomin' Brands argues that – contrary to Deal's assertions – it received service of process on June 13, 2019, as evidenced in its Exhibit "C" to the Notice of Removal. ECF Nos. 1-3, 18 at 7. Bloomin' Brands argues the supporting

4

documentation Deal filed into the state court record also supports this assertion. ECF No. 13-1 at 17-19.

The state court record shows Deal filed an Affidavit of Service reflecting service via long arm by certified mail, No. 7014 2120 0002 2174 8292, domestic return receipt requested. ECF No. 13-1 at 17-19. The "green card" does not reflect a date of delivery. ECF Nos. 1-2 at 3, 13-1 at 19. With its Notice of Removal (ECF No. 1), Bloomin' Brands attached the United States Postal Service delivery confirmation for Tracking Number 7014 2120 0002 2174 8292, reflecting delivery on June 13, 2019. ECF No. 1-3. The "green card" also is stamped "Bloomin' Brands, 2202 N. West Shore Blvd., Suite 500, Tampa, Florida, 33607." ECF Nos. 1-3 at 1, 13-1 at 19. Bloomin' Brands notes this is the location of its principal place of business. ECF No. 18 at 7-8.

Deal argues that Bloomin' Brands had 30 days from service of Mouton – the first-served Defendant – to file its Notice of Removal. ECF No. 10-1 at 8-9. This Court has previously rejected this argument, stating:

> Formerly, the rule was that removal had to be accomplished within thirty days after service on the first defendant to be served. Under that rule, when there were multiple defendants, the thirty-day period for removal began to run as soon as the first defendant was served. However, that rule changed in 2011 when 28 U.S.C. § 1446(b)(2) was amended to permit the thirty-day deadline to run anew upon service on each defendant. The statute now states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." The statute goes on to state that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."
>
> That is exactly what happened in this case. The thirty-day periods for removal by the served defendants elapsed, but the thirty-day period for

5

>
> removal by the defendant who was not served never started running. When he decided to remove the action, the two defendants who were served were entitled to join in the removal. This was appropriate because formal service on a defendant is not necessary in order for that defendant to remove the case. Because the relevant statute now states that each defendant has thirty days after receipt by or service on that defendant of the initial pleading or summons to file a notice of removal, "the thirty-day period now extends until thirty days after the *last* defendant is served."

Riggs v. DXP Enterprises, Inc., 6:18-CV-00729, 2018 WL 4561734, at *1–2 (W.D. La. Aug. 1, 2018) (internal footnotes and citations omitted); *see also Clark v. L. Walther & Sons of Georgia*, 2019 WL 4565498, at *1, n.3 (E.D. La. Sept. 20, 2019) ("[The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), Pub. L. No. 112-63, December 7, 2011, 125 Stat. 758] codified the last-served defendant rule and displaced the first-served-defendant rule this Circuit had traditionally applied.").

Federal law requires a defendant seeking to remove a civil action to federal court to file a notice of removal within 30 days of either (1) the defendant's receipt of a copy of the initial pleading, or (2) service of summons upon the defendant. 28 U.S.C. § 1446(b)(1). If a case is not removable based on an initial pleading, the 30-day deadline runs from the defendant's receipt of an amended pleading or other document "from which it may first be ascertained" that the case is eligible for removal. 28 U.S.C. § 1446(b)(3). "Each defendant has 30 days following service of an initial pleading to 'file the notice of removal.'" *Cobalt Int'l Energy, Inc. v. Alterra Am. Ins. Co.*, 788 Fed.Appx. 254, 257 (5th Cir. 2019) (citing 28 U.S.C. § 1446(b)(2)(B)).

Bloomin' Brands argues it had 30 days to file its Notice of Removal, which was timely done on July 15, 2019 since July 13, 2019 was a Saturday. ECF No. 18 at 8.

Bloomin' Brands filed its Notice of Removal on July 15, 2019. ECF No. 1. Here, 30 days from June 13, 2019 – the date Bloomin' Brands received service – was Saturday, July 13, 2019. Because the last day of the 30-day removal period was a Saturday, the period continued to run until Monday, July 15, 2019. *See* Fed. R. Civ. P. 6(a)(1). Therefore, Bloomin' Brands's Notice of Removal (ECF No. 1) was timely.

### C. Bloomin' Brands bears the burden of establishing improper joinder.

In their Notice of Removal (ECF No. 1), Bloomin' Brands alleges Mouton is improperly joined because Deal cannot establish a cause of action against Mouton in state court. ECF No. 1 at 4. The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. den.*, 544 U.S. 992 (2005) (citing 28 U.S.C. § 1441(b)). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.*

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cuevas*, 648 F.3d at 249 (quoting *Smallwood*, 385 F.3d at 573). When, as here, the second method is at issue,

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against

> an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Cuevas*, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added). "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper . . . that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood*, 385 F.3d at 574-75; *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). A court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so. *Guillory v. PPG Indust., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citations omitted). "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Smallwood*, 385 F.3d at 574.

### D. The Court conducts a Rule 12(b)(6)-type analysis to determine whether Deal states a claim against in-state defendant Mouton.

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. A court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state

8

defendant. *Smallwood*, 385 F.3d at 573 (citations omitted).[3] In the second setting for the "no reasonable basis" contest, the defendant may challenge the plaintiff's allegations and attempt to demonstrate by "summary-judgment-type" evidence that the plaintiff is unable to prove all the facts necessary to prevail. *International Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). "[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.*; *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.").[4]

---

[3] However, merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant, does not mean that the joinder of the resident defendant is proper. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citations omitted).

[4] The Fifth Circuit cautions against piercing the pleadings, except in limited circumstances. *Smallwood*, 385 F.3d at 537. The Fifth Circuit has instructed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (citations omitted). Thus, the summary inquiry determines if there are "discrete and undisputed facts that would preclude recovery against the in-state defendant." *Id.* at 573-74 (citing as examples where "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved as not true"). A court may proceed beyond the pleadings to analyze "whether the defendant has demonstrated that there is no possibility of recovery." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citing *Smallwood*, 385 F.3d at 573)). Although a court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

9

Here, Bloomin' Brands challenges the adequacy of the pleadings against Mouton, without the submission of evidence. ECF No. 18 at 3-5. Specifically, Bloomin' Brands argues Deal has not stated a cause of action against Mouton. ECF No. 18 at 5. "In *Smallwood*, [the United States Court of Appeals for the Fifth Circuit] explained that a non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" See *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citations omitted). "In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* Therefore, a Rule 12(b)-type analysis is appropriate.

Pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. See *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

### E. Deal has not alleged a viable cause of action against Mouton.

In her Complaint (ECF No. 1-1), Deal alleges Mouton and ABC employee were in the course and scope of employment with Outback when they failed to keep the floor dry and safe, thus making Outback vicariously liable. ECF No. 1-1 at 2. Deal further alleges the incident was caused by the fault, negligence, and strict liability of Outback, Mouton, and ABC employee, in the following particulars:

A. Failure to provide petitioner with a safe environment;

B. Failure to properly supervise;

C. Failure to take steps necessary to avoid the incident;

D. Failure to institute and implement proper procedures and policies;

E. Failure to implement adequate cleaning procedures;

F. Failure to timely clean the area in question;

G. Failure to make periodic inspections of the floor to determine whether an unreasonably dangerous conditions exists;

H. Allowing with full knowledge or constructive knowledge, an unreasonably dangerous condition to exist on the premises which presented an unreasonable risk of harm to Plaintiff;

I. Failure to correct the dangerous condition;

J. Failure to take necessary precautions to ensure the safety of its customers;

K. Failure to train employees;

L. Creating an unreasonably dangerous condition and situation; and

M. Other acts of negligence known to the defendants.

ECF No. 1-1 at 2-3. There are no other allegations against Mouton.

Deal argues that at this stage of the proceedings, "the duty to care for all of these allegations can be specifically imputed to Mouton," particularly to clean, to inspect, to know the dangerous condition existed, and to correct. ECF No. 21 at 2. Deal further argues Mouton is also listed as a Managing Partner for the Alexandria Outback, and at the door is noted to be a "Proprietor." *Id.*

However, the analysis set forth in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), superseded on other grounds by statute, La. R.S. 23:1032, governs whether Mouton may be held personally liable to a third person. *See e.g., Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). Under Louisiana law, an employee may be held liable to a customer if he has a personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages. *Canter*, 283 So.2d at 721.

Under *Canter*, an employee is personally liable only when: (1) the employer owes a duty of care to the third person, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the employee; (3) the employee breached that duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Id.* Further, the employee cannot be held liable simply because of his general administrative responsibility for performance of some function of the employment. *Id.* Thus, under Louisiana law, in order to maintain a cause of action against Mouton, Plaintiffs must show that Outback delegated its duty to Mouton and that Mouton personally

breached that duty. *See e.g., Carter v. Wal-Mart Stores Inc.*, 2005 WL 1831092, at *2 (W.D. La. Jul. 28, 2005).

Here, Deal has not alleged Mouton owed any personal duty to Deal. And Deal fails to allege any facts alleging Mouton had any involvement or personal knowledge of the condition of the floor or the alleged slip and fall. Instead, Deal's allegations against Mouton are conclusory. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id.

Since there is no reasonable basis for the Court to predict that Deal might be able to recover against Mouton, Mouton is improperly joined, and Mouton's Louisiana citizenship should be ignored for diversity.

F. The properly joined parties are completely diverse.

The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign

13

state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

Deal resides in, and is a citizen of, the State of Louisiana. ECF Nos. 1 at 3, 1-1 at 1. Gallagher Basset is incorporated in the State of Delaware and has its principal place of business in the State of Illinois. ECF No. 1 at 4. Thus, Gallagher Bassett is a citizen of the States of Delaware and Illinois. *Id.* Bloomin' Brands is incorporated in the State of Delaware and has its principal place of business in the State of Florida. *Id.* Thus, Bloomin' Brands is a citizen of Delaware and Florida. *Id.* ABC Employee is a fictitious entity whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1).[5] ECF No. 1.

Outback is a Florida L.L.C., with its sole member being OSI Restaurant Partners, L.L.C. ("OSI"). ECF No. 1 at 3. Bloomin' Brands alleges OSI is organized in the State of Florida with its principal place of business also in the State of Florida. ECF No. 1 at 3. Bloomin' Brands asserts OSI is a citizen of the State of Florida. *Id.* Bloomin' Brands further asserts that OSI's members are non-citizens of the State of

---

[5] "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

14

Louisiana and do not operate a principal place of business in the State of Louisiana. *Id.*

Deal alleges diversity is lacking because Outback has a "principal business establishment" in Mandeville, Louisiana. ECF No. 10-1 at 2. "The Louisiana Revised Statutes require a foreign corporation seeking to qualify to do business in Louisiana to report both its principal business establishment and its registered office in this state." *McCurdy v. Hydradyne, L.L.C.*, 2013 WL 6075376, at *2 (W.D. La. Nov. 18, 2013) (citing La. R.S. 12:304, 12:308). However, the principal business establishment of Outback for the purpose of compliance with the Louisiana statutes is not its principal place of business for purposes of diversity jurisdiction. *See id.* (citing *Harris v. Black Clawson Co.*, 961 F.2d 547, 550 (5th Cir. 1992); *Jarrell v. Parker Drilling Co.*, 2001 WL 969113, at *1 (E.D. La. Aug. 27, 2001); *Williams v. Johnson*, 2002 WL 31697716, at *2 (E.D. La. Dec. 2, 2002)).

Though Bloomin' Brands does not allege the citizenship of all of OSI's members, it does affirmatively allege that OSI has no members that are Louisiana citizens and affirmatively alleges OSI is a citizen of Florida. "[A] court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted). In making such an assessment, a court may look at any record evidence, receive affidavits and deposition testimony, and hear live testimony concerning the citizenship of parties. *Id.* (citation omitted). Notably, this Court has previously determined that OSI is a citizen of Delaware and Florida. *See Thomason*

15

*v. Outback Steakhouse of Florida, L.L.C.*, 2019 WL 3526839 at *1, n.1 (W.D. La. May 14, 2019) (finding that Outback's sole member is OSI Restaurant Partners, L.L.C., whose sole member is OSI Hold Co., Inc. ("OSI Hold Co."), a Delaware corporation with its principal place of business in Florida, making Outback a citizen of Florida and Delaware). Thus, the Court finds there is complete diversity among the properly joined parties.

Additionally, the United States Court of Appeals for the Fifth Circuit instructs that removing defendants be permitted to amend their Notice of Removal pursuant to 28 U.S.C. § 1653 to set forth facts to establish diversity jurisdiction. *See Getty Oil*, 841 F.2d at 1262 (authorizing district court to permit removing defendants to amend their notice of removal under § 1653); *Mullins v. Testamerica, Inc.*, 300 Fed.Appx. 259, 261 (5th Cir. 2008) (remanding a removed case to district court for amendment of deficient jurisdictional/citizenship allegations). Therefore, the undersigned recommends Bloomin' Brands be allowed to amend their Notice of Removal (ECF No. 1) to formally allege the complete diversity established here.

### G. It is "facially apparent" that the amount in controversy exceeds $75,000.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone,

or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). One such way for a plaintiff to satisfy the "legal certainty" test is to file a binding stipulation or affidavit with the original complaint. *Id.* at 1412.

Bloomin' Brands asserts in its Notice of Removal (ECF No. 1) that it is "facially apparent" that Deal's claims are likely to exceed $75,000. ECF No. 1 at 5-6. Bloomin' Brands alleges Deal's allegations of right shoulder injury and surgery alone would exceed $75,000. *Id.* Bloomin' Brands cites a quantum of damages establishing awards solely for shoulder injuries treated with injections or surgery which exceed $75,000. *Id.* at 5. Additionally, Bloomin' Brands asserts Deal cannot show to a legal certainty that she will not recover less than $75,000. ECF No. 1 at 6.

In seeking to remand, Deal argues that because she is not allowed to specifically plead a monetary amount, it is not "facially apparent" that her claims exceed $75,000. ECF No. 10-1 at 6. Deal argues Bloomin' Brands fails to provide evidence that her claims exceed $75,000. ECF No. 10-1 at 6. Additionally, Deal

incorrectly asserts that Bloomin' Brands did not provide any quantum studies in support of their position. ECF No. 10-1 at 7.

Deal alleges in her Complaint (ECF No. 1-1) she injured her right shoulder, right knee, right hip, and lower back, and sustained pain and bruises to her entire right side. ECF No. 1-1 at 2-3. Deal further alleges her shoulder injury requires surgery. *Id.* at 2. Deal seeks damages for past and future physical pain and suffering; past and future mental pain, suffering, anguish, and emotional distress; physical disability; permanent disability and disfigurement; past, present, and future medical expenses; loss of enjoyment of life; and loss of use. ECF No. 1-1 at 3.

In support of the jurisdictional threshold, Bloomin' Brands cites cases awarding general damages for shoulder injury and surgery exceeding $75,000. ECF No. 1 at 5 (citing *Rayburn v. Ponthieux*, 902 So.2d 1136 (La. App. 3 Cir. 5/4/05) (awarding plaintiff $85,000 in general damages for torn rotator cuff treated with injections); *Butcher v. Mount Airy Ins. Co.*, 741 So.2d 745 (La. App. 3 Cir. 6/2/99) (awarding plaintiff $75,000 for shoulder and neck injury treated with surgery); *Peoples v. Fred's Stores of Tennessee, Inc.*, 38 So.3d 1209 (La. App. 3 Cir. 6/2/10) (awarding plaintiff $55,000 for shoulder injury treated with surgery and $30,000 for past and future medical expenses)). Therefore, Bloomin' Brands establishes that it is "facially apparent" that Deal's claims of right shoulder injury and required surgery alone are likely to exceed $75,000.[6]  Additionally, Deal did not file any binding

---

[6] Deal responds by citing cases awarding $70,000 to $75,000 in general damages for a shoulder injury alone. ECF No. 10-1 at 7-8. However, the cases cited by Deal support Bloomin' Brands allegation that the amount in controversy exceeds $75,000. *See Maddox v. Bailey*, 146 So.3d 590 (La.App. 1 Cir. 5/19/14) (amending the trial court judgment and

stipulation or affidavit with the original Complaint and she fails to show, to a legal certainty, that her damages do not exceed $75,000.

## III. Conclusion

Mouton was improperly joined. Because Mouton's Louisiana citizenship should be disregarded, there is complete diversity among the parties. Bloomin' Brands establishes that the amount in controversy at the time of removal exceeds $75,000 and Deal fails to establish to a legal certainty that her claims are below $75,000. Additionally, removal was timely. Therefore, removal was proper and the Court has diversity jurisdiction.

IT IS RECOMMENDED that Deal's Motion to Remand (ECF No. 10) and Motion for Attorney's Fees and Costs (ECF No. 10) be DENIED.

IT IS FURTHER RECOMMENDED that Mouton be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Bloomin' Brands be granted leave to amend their Notice of Removal (ECF No. 1) within 14 days to affirmatively allege the citizenship of all members of OSI under 28 U.S.C. § 1653.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond

---

awarding $70,000 in general damages, plus $54,891.97 in past medical expenses, for a left shoulder injury with arthroscopic surgery); *Notto v. Brown*, 525 So.2d 251 (La.App. 1 Cir. 4/19/88) (affirming award of $120,000 for shoulder injury with AC joint resection, including general damages totaling $68,697.74 and $23,302.26 in past medical expenses).

to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 26th day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE