UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICIA DEAL | CIVIL DOCKET NO. 19-CV-00904 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 60] filed by Defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. An Opposition [Doc. 83] was filed by Plaintiff, Patricia Deal, to which Outback Steakhouse of Florida, LLC filed a Reply. [Doc. 88]. For the following reasons, Defendants' Motion is **GRANTED**.

## PROCEDURAL HISTORY

On May 17, 2019, Patricia Deal ("Plaintiff") filed a Petition for Damages in the 9th Judicial District Court, Rapides Parish, Louisiana, against Defendants, Outback Steakhouse of Florida, LLC ("Outback") and Bloomin' Brands, Inc. ("Bloomin' Brands"), the parent company of Outback.[1] On July 15, 2019, Bloomin' Brands removed the action to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 13-1]. Outback now seeks summary judgment dismissing Plaintiff's claims.

---

[1] Plaintiff's original petition in the 9th Judicial District Court also named as Defendants Gallagher Bassett (as Outback's foreign insurer), ABC Employee, and Jean Mouton (as store manager), but each were subsequently dismissed without prejudice on August 19, 2019, December 6, 2019, and March 13, 2020, respectively. As such, Outback and Bloomin' Brands are the only remaining Defendants in this case.

1

Outback's Motion asserts that Plaintiff cannot meet the requisite evidentiary burden under the Louisiana Merchant Liability Act (La. R.S. 9:2800.6). Specifically, it argues that Plaintiff's claims must be dismissed because there is no evidence of the existence of a hazardous condition on the floor at Outback on May 20, 2018. [Doc. 60-1]. Outback further contends that, as Plaintiff is unable to articulate the existence of any actual condition or substance on the floor, it follows that she is unable to make a factual showing that Outback created such a condition, or that Outback had actual or constructive notice of a condition and subsequently failed to exercise reasonable care. [Doc. 60-1]. Thus, Defendants assert, generally, that summary judgment is warranted in this matter due to the lack of factual support for the essential elements of Plaintiff's claim. [Doc. 60-1].

In response, Plaintiff argues that the Motion should be denied because genuine issues of material fact exist as to whether the floor's condition presented an unreasonable risk of harm given the manner in which it was maintained by Outback. [Doc. 83]. Specifically, Plaintiff asserts that Outback's floor was unreasonably dangerous due to its "generally slippery condition," and that Outback either created or had actual or constructive knowledge of the condition and failed to remedy it. [Doc. 83, p.1].

## FACTUAL BACKGROUND

On Sunday, May 20, 2018, at approximately noon, Plaintiff arrived at her local Outback in Alexandria, Louisiana,[2] to meet two acquaintances from her church, the

---

[2] The Outback restaurant in this case is located at 3217 MacArthur Drive, Alexandria, Louisiana, 71301.

Joubert sisters, for a post-service lunch. [Doc. 60-6]. When they were finished dining, the Joubert sisters got up from the table and began to exit the restaurant while Plaintiff collected her handbag and "to-go" box. Plaintiff then stood up and began to follow them out of the dining area but slipped and fell to the floor after taking just one or two steps. [Doc. 60-6].

According to Plaintiff's deposition testimony, she sustained an injury to her right shoulder and also aggravated pre-existing lower back pain as a result of the fall. [Doc. 60-6, p. 57].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc.*

*v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

### A. Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Outback's liability for the Plaintiff's accident and subsequent injury is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act").[3] The Merchant Liability Act imposes

---

[3] Plaintiff's Complaint does not cite a specific statutory provision in support of her claims. Defendant's Motion for Summary Judgment and Memorandum in Support urge that the Louisiana Merchant Liability Act is the appropriate legal standard that governs Plaintiff's claims. However, in her opposition brief, Plaintiff exclusively cites Civil Code Article 2317.1 as the basis for liability. The Court finds that the facts of the instant case fall squarely within the scope of the Merchant Liability Act. Plaintiff herein claims that Outback's "generally slippery" floor caused her to slip and fall and does not allege any vice or defect on the premises as required by Article 2317.1. The Court finds the alleged slippery floor is a condition found on the premises which requires Plaintiff to meet the statutory elements of the Merchant Liability Act. In this regard, the jurisprudence is clear: "once a patron falls on the merchant's premises due to a condition existing in or on the premises, Section 9:2800.6 applies, and the Louisiana courts have determined it is "error" to also apply Articles 2317 and 2322." *Brown v. Wal-Mart Stores, Inc.* 2012 WL 12931957 (W.D. La. June

a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012).

As a threshold matter, the Court must first determine whether a hazardous condition existed and, if so, whether such condition constituted an unreasonable risk

---

7, 2012) (citing *Gruver* v. *Kroger Co.,* 54 So.3d 1249, 1252 (La. App. 3rd Cir. 2011); *Gray v. Wal-Mart*, 484 Fed. Appx. 963, 965 n.1 (5th Cir. 2012) (finding that, in a slip and fall case, the applicable statute to determine liability is L.R.S. 9:2800.6, rather than Civil Code Article 2317.1)).

of harm. The parties dispute whether Outback's floor was maintained in such a way as to render it "generally slippery" and thus potentially constitute an unreasonably dangerous condition. Outback maintains that, notwithstanding her overall lack of evidentiary support, Plaintiff's own deposition testimony precludes her claim as it demonstrates her inability to satisfy her burden of proof under the Merchant Liability statute. Specifically, Plaintiff testified in her deposition that she did not see any substance whatsoever on the ground prior to her fall, and that she also did not feel anything wet when she was still on the ground after her fall. [Doc. 60-6, p. 29-30]. She further admitted that neither her clothes nor her shoes were wet—or even damp—when she stood up after her fall. [Doc. 60-6].

In her Opposition, Plaintiff asserts that there exists a genuine issue of material fact regarding whether Outback's maintenance of the floor created an unreasonable risk of harm. [Doc. 83]. To prove that Outback either created, or had actual or constructive notice of, a "generally slick condition" on its floors, Plaintiff cites to portions of her own deposition testimony along with the deposition testimony of Ms. Sharon Friday, another Outback patron who was present on the day Plaintiff fell. [Doc. 83]. Plaintiff purports to use this deposition testimony to show that, although she cannot prove with specificity that any substance was present on Outback's floor, "a hazard is still established because [her] fall resulted from an unreasonably slippery condition." [Doc. 83, p. 5].

It is well established that conclusory allegations unsupported by specific facts will not preclude summary judgment and that Plaintiff cannot rest on mere

6

allegations for her claim to move forward without any "significant probative evidence tending to support the complaint." *Ammon v. Dillard's Dept. Store No. 768*, 2015 WL 3860367 (M.D. La. June 22, 2015). To prove the existence of a genuine issue of material fact and thus avoid summary judgment, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.*

Speculative allegations as to the presence of a substance on the floor are insufficient to defeat summary judgment. *See, e.g., Ammon v. Dillard's Dept. Store No. 768*, 2015 WL 3860367 (M.D. La. June 22, 2015); *Trench v. Winn-Dixie Montgomery LLC*, 150 So.3d 472 (La.App. 5th Cir. 9/24/14). Accordingly, Plaintiff's claim that the floor was "generally slippery" does not, without more, constitute proof of an unreasonably dangerous condition.

Plaintiff also argues that summary judgment should be denied because Outback either created, or had actual or constructive notice of, a "slick condition" on its floors. Specifically, Plaintiff argues that the alleged hearsay comments made by the two unnamed waiters—neither of whom were deposed in this case—to Ms. Joubert and Ms. Friday regarding the alleged air conditioner issue and "glaze" on the floor constitute evidence that Outback either created or had actual or constructive notice of a hazardous condition on its premises. [Doc.60-6, p. 28]; [Doc. 83, p.4]. However, Plaintiff failed to depose a single member of Outback's staff or otherwise present any competent summary judgment evidence related to the condition or maintenance of Outback's floor. Further, Plaintiff testified that she did not notice or

feel the presence of any substance on the floor before or after her fall. As such, she has likewise failed to prove that Outback had notice of a hazardous condition on its floor.

Even when construing all justifiable inferences in favor of the non-moving party, Plaintiff has failed to provide any factual support other than her own uncorroborated testimony to create a genuine issue of material fact as to the existence of a hazardous condition that presented an unreasonable risk of harm or Outback's notice of the same. Accordingly, Plaintiff has failed to establish one or more elements essential to her claim, thus rendering summary judgment appropriate in Outback's favor.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 60] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 12th day of August 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE